## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLEN HIGGS,** | : | |
| Petitioner | : | CIVIL ACTION NO. 1:09-0827 |
| v. | : | (CALDWELL, D.J.) (MANNION, M.J.) |
| **MARY E. SABOL, Warden, et. al.,** | : | |
| Respondents | : | |

### REPORT AND RECOMMENDATION[1]

On May 1, 2009, the petitioner filed the instant action pursuant to 28 U.S.C. §2241, in which he challenges his detention pending a hearing on his removal from the United States. (Doc. No. 1.) An order to show cause was issued on June 1, 2009. (Doc. No. 9). A response to the petition was filed on July 13, 2009. (Doc. No. 14). On August 16, 2009, the Court granted the petitioner's motion for an extension of time to file his traverse until September 29, 2009. (Doc. No. 16). No traverse was filed. On November 4, 2009, the government filed a Notice of Mootness due to the release of the petitioner on electronic monitoring pending his immigration hearing. (Doc. No. 17)

A petition for writ of habeas corpus is the exclusive federal remedy for a prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); Leamer v. Fauver, 288

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

F.3d 532, 542-44 (3d Cir. 2002). A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a) (2006) (emphasis added). The determination of whether a person is "in custody" is made at the time the petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Custody is an expansive concept that includes not only a person's physical detention, but also his subjection to restrictions upon his freedom. Id.; Maleng v. Cook, 490 U.S. 488, 491-492 (1989). Once a court has determined that a petitioner was in custody at the time he filed his petition, the court generally retains jurisdiction over the case even if the petitioner is released prior to the disposition of the case. Carafas v. LaVallee, 391 U.S. 234, 237-40 (1968). But, unless the petitioner is challenging his underlying conviction–in other words, if the petitioner is challenging solely his custody and not the cause of it–he must show that he continues to suffer collateral consequences of that custody to avoid the case being moot and the court divested of jurisdiction.[2] Spencer, 523 U.S. at 7; Lane v. Williams, 455 U.S. 624, 631-33 (1982); North Carolina v. Rice, 404

---

[2]In contrast, "[a]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer, 523 U.S. at 7.

2

U.S. 244, 246 (1971); DeFoy v. McCullough, 393 F.3d 439, 441-42 (3d Cir. 2005); United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002). When an alien subject to removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral consequences. It renders the petition moot because he has received all the relief he sought and would have been entitled to. Sanchez v. Attorney General, United States, 146 Fed.Appx. 547, 549 (3d Cir. 2005) (not precedential); Riley v. Immigration & Naturalization Serv., 310 F.3d 1253, 1257 (10th Cir. 2002); Jones v. Dep't of Homeland Sec., 325 F.Supp.2d 551, 554 (E.D. Pa. 2004).

Here, the court finds that the instant petition is moot. The petitioner has been released from custody and placed on electronic monitoring pending his removal hearing. Therefore, the petitioner has received the relief he sought in this court, and there is nothing more that the court could do for him.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the petitioner's petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED** as moot.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: November 9, 2009

O:\shared\REPORTS\2009 Reports\09-0827-01.wpd